UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
RUDY RAMDATH and ANGELA RAMDATH,

         Plaintiffs,

      -against-

CITY OF NEW YORK; Police Officer JOHN SFORZA, Shield No. 13571; Police Officer KEITH WEBER, Shield No. 17426; Police Officer DOMINIC PERFETTO, Shield No. 10178; Police Officer JASON SESSA, Shield No. 25960; Sergeant RALPH TOMEO, Shield No. 1911; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

         Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

14 CV 3218 (WFK) (JMA)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Rudy Ramdath ("Mr. Ramdath") is a resident of Queens County in the City and State of New York.

8. Plaintiff Rudy Ramdath ("Mr. Ramdath") is a resident of Queens County in the City and State of New York.

9. Plaintiff Angela Ramdath ("Ms. Ramdath") is a resident of Queens County in the City and State of New York.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Defendant Police Officer John Sforza, Shield No. 13571 ("Sforza"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sforza is sued in his individual and official capacities.

12. Defendant Police Officer Keith Weber, Shield No. 17426 ("Weber"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Weber is sued in his individual and official capacities.

13. Defendant Police Officer Dominic Perfetto, Shield No. 10178 ("Perfetto"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Perfetto is sued in his individual and official capacities.

14. Defendant Police Officer Jason Sessa, Shield No. 25960 ("Sessa"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Sessa is sued in his individual and official capacities.

15. Defendant Sergeant Ralph Tomeo, Shield No. 1911 ("Tomeo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tomeo is sued in his individual and official capacities.

16. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19. At approximately 8:45 p.m. on December 4, 2013, plaintiffs were lawfully in their home at 104-56 124th Street in Queens, New York.

20. Defendants brutally assaulted Mr. and Mrs. Ramdath in their home and in front of their two young sons.

21. After throwing Mr. Ramdath to the ground, a defendant officer repeatedly struck plaintiff in his face with a closed fist.

22. Defendants dragged Mr. Ramdath by his handcuffs.

23. A defendant officer violently grabbed, shoved and threw Mrs. Ramdath to the ground.

24. Defendants violently put Mr. Ramdath in a police vehicle and, while he was bloodied and handcuffed, a defendant officer punched him squarely in his nose with a closed fist.

25. Mr. Ramdath was taken to Jamaica Hospital Medical Center where he was diagnosed with multiple injuries including an orbital blowout fracture and injuries to his knee and hand.

26.     To date, Mr. Ramdath requires ongoing treatment for the injuries he sustained as a result of the assault.

27.     Ms. Ramdath required medical treatment for her injuries.

28.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

29.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

30.     This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

31.     The Ramdaths suffered damage as a result of defendants' actions. They suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation and loss of income and employment.

## FIRST CLAIM
### Unreasonable Force

32.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33.     The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiffs.

34.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### State Law Assault and Battery

35. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered them.

37. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

38. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## THIRD CLAIM
### Negligent Hiring, Training and Retention

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendant City, through the NYPD, owed a duty of care to plaintiffs to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiffs or to those in a like situation would probably result from the foregoing conduct.

41. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

42. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

43. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

44. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Intentional Infliction of Emotional Distress

45. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

46. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so

extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

47. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

48. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Infliction of Emotional Distress

50. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

51. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD

officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

52. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

53. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

55. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   January 9, 2015
         New York, New York

                                        HARVIS WRIGHT & FETT LLP

                                        _____
                                        Baree N. Fett
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        bfett@hwf.nyc

                                        *Attorneys for plaintiffs*